**The below described is SIGNED.**

**Dated: March 30, 2009**    _____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**



_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>BARRET LLOYD CHRISTENSEN and<br>KAYE GAMMON CHRISTENSEN ,<br><br>Debtors. | Bankruptcy Number:  05-28202<br><br>Chapter 7 |
| DAVID L. MILLER, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>BARRET LLOYD CHRISTENSEN and<br>KAYE GAMMON CHRISTENSEN,<br><br>Defendants. | Honorable William T. Thurman<br><br><br>Adversary Number:   08-2223 |

**MEMORANDUM DECISION**

The matter before the Court is Barret Lloyd and Kaye Gammon Christensen's (the

"Debtors" or "Christensens"), motion to dismiss this adversary proceeding.  The Trustee, David

1

L. Miller ("Trustee"), filed the adversary proceeding on September 22, 2008, seeking revocation of the Debtors' discharge pursuant to § 727(d)(2).[1]

The Court is asked to determine whether § 727(e)(2) bars the Trustee's request to revoke the Debtors' discharge. The Debtors contend that the request to revoke their discharge is barred by the time limits expressed in § 727(e)(2). The Trustee argues that § 727(e)(2) does not bar the complaint because the case was never fully closed under § 350, and equitable principles allow the Court to toll the deadline in § 727(e)(2). Further, the Trustee contends that § 727(e)(2) does not provide a basis for dismissing a complaint for a money judgment against the Debtors.

The Court made an oral ruling in this matter on March 4, 2009, and now elects to issue this Memorandum Decision.[2]

**I.    JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). Venue is appropriate under 28 U.S.C. § 1409. Notice of the hearing is proper in all respects.

**II.    FACTUAL BACKGROUND**

The facts for the purposes of this motion are not in dispute. The Debtors filed for chapter 7 bankruptcy relief on May 20, 2005. Discharge was granted on August 31, 2005, and the case was closed on September 8, 2005. On November 7, 2006, the case was reopened at the request

---

[1] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

[2] This Memorandum Decision constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

2

of the Trustee. On September 22, 2008, the Trustee filed this adversary proceeding seeking revocation of the Debtors' discharge pursuant to § 727(d)(2), and for a money judgment for improperly retaining property of the bankruptcy estate that was never scheduled. The Debtors moved to dismiss the complaint as untimely, arguing that it has been more than three years since their discharge and the closing of their case.

## III.  DISCUSSION

Section 727(e)(2) limits a trustee's ability to seek a revocation of discharge under section 727(d)(2), stating, in relevant part, "[t]he trustee, . . . may request a revocation of a discharge . . . before the later of (A) one year after the granting of such discharge; and (B) the date the case is closed."[3]

In this case the Debtors were granted a discharge on August 31, 2005, and the case was closed on September 8, 2005. The Trustee brought this proceeding on September 22, 2008 – more than three years after the Debtors' discharge and the closing of the case. The Debtors argue that based on the plain language of the statute, the Trustee's motion is untimely and the adversary proceeding should be dismissed.

The Trustee, on the other hand, argues that § 727(e)(2) does not bar his complaint for the following reasons. First, the case was never fully closed under § 350 because the Debtors had concealed a property of the estate that was never fully administered. Second, under the doctrine of equitable tolling the Court should toll the statutory deadlines set forth in § 727(e)(2).

---

[3] 11 U.S.C. § 727(e)(2).

3

    A.    The Effect of § 350(a)

The Trustee's first argument is that the case was never properly closed pursuant to §350(a) because the assets were never fully administered, and therefore the deadlines in §727(e)(2) could not properly begin to run. The Trustee cites to *In re Succa*[4] and *In re Peebles*,[5] where this argument was accepted. In each of these cases, the trustees had argued that the time limits could not have run because the Debtors had retained property of the estate which prevented the case from properly being closed.[6] In each case, the court agreed with the trustee and held that the case could not be properly closed where there were un-administered assets of the estate.[7] The Debtors, however, assert that the language of the statute should control and cite to the reasoning in *In re Abdelmassia*,[8] "[i]f concealment of an asset, or failure to surrender an asset causes a case to never close such that the time limits of § 727(e) do not start to run, then § 727(e) is rendered nugatory."[9] The reasoning and holding expressed in *Abdelmassia* represents the majority position.[10]

---

[4] 125 B.R. 168, 171 (Bankr. W.D. Tex. 1991).

[5] 224 B.R. 519, 521 (Bankr. D. Mass. 1998).

[6] *In re Succa*, 125 B.R. at 171; *In re Peebles*, 224 B.R. at 521.

[7] *Id.*

[8] 362 B.R. 207, 214-15 (Bankr. D. N.J. 2007).

[9] *Id.*; *see also Hadlock v. Dolliver (In re Dolliver)*, 255 B.R. 251, 255 (Bankr. D. Me. 2000).

[10] *See, e.g., Humphreys v. Stedham (In re Stedham),* 327 B.R. 889 (Bankr. W.D. Tenn. 2005)*; Towers v. Boyd (In re Boyd)*, 243 B.R. 756 (N.D. Cal. 2000); *Dahar v. Bevis (In re Bevis)*, 242 B.R. 805 (Bankr. D. N.H. 1999); *Malloy v. Frank (In re Frank)*, 146 B.R. 851, 853 (Bankr. N.D. Okl.1992).

The Court finds the reasoning of the majority persuasive and elects to follow it. The plain language of the statute indicates that there must be a time limit within which a trustee can request a revocation of discharge. Accepting the Trustee's argument would render § 727(e) obsolete. The Court does not believe that Congress had this intent in mind when enacting § 727.

B.  The Application of the Equitable Tolling Doctrine to § 727(e)(2)

The Trustee also argues that sufficient basis exist to toll the deadlines set forth in § 727(e)(2) under the doctrine of equitable tolling. In support of his argument, the Trustee refers to *In re Peebles*, which, in turn, cites to the Supreme Court decision in *Holmberg v. Ambrecht*[11] holding that "equitable doctrine is [to be] read into every federal statute of limitation."[12]

The Trustee asks the Court to follow the reasoning in *Succa* and *Peebles* and toll the deadlines in § 727(e)(2). In each of those cases, the court found that the debtor had concealed assets of the estate from the trustee, and held that this behavior was sufficient to toll the statutory limits and to allow the discharge to be revoked after the § 727(e)(2) deadlines had passed.[13]

The Court, however, elects not to follow the Trustee's position and the reasoning in *Succa* and *Peebles*. If it were to adopt the Trustee's position, it would, in effect, be rewriting the Bankruptcy Code to "consume the rule set forth in § 727(e)."[14] As noted by several other courts, reading the doctrine of equitable tolling into § 727(e) extinguishes the time limits within the statute, and appears to upset the decision already made by Congress because the statute itself is

---

[11] 327 U.S. 392, 396-397 (1946).

[12] *In re Peebles*, 224 B.R. at 522 ( quoting *Holmberg*, 327 U.S. at 396-97).

[13] *In re Succa*, 125 B.R. at 172-73; *In re Peebles*, 224 B.R. at 522.

[14] *Malloy v. Frank (In re Frank)*, 146 B.R. 851, 853 (Bankr. N.D. Okl. 1992).

designed to account for the circumstances like the ones in this case.[15] As in this case, application of § 727(d)(2) always involves discovering fraud after a debtor has received a discharge and the case has been closed.[16] Nevertheless, the plain reading of § 727(e)(2) shows that Congress instituted these deadlines to bar precisely the type of action sought by the Trustee in this case, and there is no indication that Congress intended to toll those deadlines. Accordingly, based on the facts of this case, the Court rejects the Trustee's request to toll the deadline in §727(e)(2) and to revoke the Debtors' discharge.

While the Court recognizes that such a ruling may have the effect of protecting debtors that might not be "member[s] of the class of 'honest but unfortunate debtor[s]' that the bankruptcy laws were enacted to protect,"[17] it is not the duty of this Court to rewrite the statute but to interpret it. The Court believes that there are other equitable remedies that are available to the Trustee besides revoking the Debtors' discharge after the statutory deadlines have passed.

## V.    CONCLUSION

Based on the foregoing, the Court concludes that the case was properly closed pursuant to § 350(a), and equitable tolling does not apply to extend the deadlines in § 727(e). Therefore, the Trustee's claims under §727(d)(2) are time barred, and the Trustee's request to revoke the Debtors' discharge is denied. Nevertheless, the Court concludes that the cause of action for money judgment is not time barred because it is based on an entirely different premise.

---

[15] *See Abdelmassia*, 362 B.R. at 214 (quoting *In re Bevis*, 242 B.R. at 809 (discussing § 727(e)(1) and (d)(1), and holding that equitable tolling does not apply)).

[16] *Id.*

[17] *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 373 ( 2007) (quoting, *Grogan v. Garner*, 498 U.S. 279, 287 (1991)).

Accordingly, the Debtor's motion is granted in part and denied in part. The adversary proceeding will remain open to allow the Trustee to proceed on its cause of action for a money judgment.

A separate order memorializing these findings and conclusions was entered on March 25, 2009.

_____End of Document_____

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

David L. Miller
849 W. Hill Field Road, #202
Layton, Utah 84041
    *Chapter 7 Trustee*

Noel S. Hyde
5926 S. Fashion Pointe Dr., Suite 200
South Ogden, UT 84403
    *Attorney for the Debtors*